STATE OF NORTH CAROLINA v. LOIS JEAN WOOTEN

No. 738SC62

(Filed 23 May 1973)

1. Evidence § 14— physician-patient privilege — requiring physician to testify

In this prosecution for possession of heroin, the trial court did not err in ruling that a physician should be required in the interest of justice to give testimony concerning a matchbox containing heroin found on defendant's person when she was undressed in a hospital emergency room in order that the physician could determine the cause of her unconsiousness. G.S. 8-53.

2. Evidence § 14— requiring nurse to testify — harmless error

Even if the trial court erred in allowing a nurse to testify as to a matchbox containing heroin found on the unconscious defendant's

person in a hospital emergency room without finding that such testimony was necessary to a proper administration of justice, such error was not prejudicial where a physician properly gave substantially the same testimony.

**3. Criminal Law § 84; Searches and Seizures § 1— undressing of defendant in hospital emergency room — no search**

There was no "search" of defendant within the purview of G.S. 15-27 and constitutional provisions forbidding unreasonable searches when a nurse undressed the unconscious defendant at a physician's direction in a hospital emergency room and discovered heroin on defendant's person.

APPEAL by defendant from *Cowper, Judge,* 12 June 1972 Session of WAYNE Superior Court.

By indictment proper in form defendant was charged with felonious possession of heroin. The evidence tended to show:

During the early evening of 28 October 1971 the 22 year old defendant, unconscious, was taken by a rescue squad to the emergency room of Wayne County Memorial Hospital. Not knowing what was wrong with defendant and in order to examine her, a physician on duty instructed a female licensed practical nurse to undress defendant. As the nurse was undressing defendant "from the top" and removed her brassiere, a small matchbox fell from the brassiere. The nurse opened the box and saw that it contained cellophane packets of a white powdery substance. On instructions from the treating physician, the nurse handed the box and its contents to a deputy sheriff who was in the emergency room at the time. The deputy did not instruct the nurse to undress defendant nor to deliver the box and contents to him. After defendant was undressed, a physician examined her and found vein scars on her arm. The physician concluded that defendant had received an overdose of narcotics and administered subcutaneously 15 milligrams of nalline to counteract the effects of the drugs received. Shortly thereafter defendant responded and regained consciousness; without the nalline or similar medication, she would not have regained consciousness. A chemical analysis of the substance found in the matchbox disclosed that it was heroin.

A jury found defendant guilty as charged. From judgment imposing prison sentence of four years with recommendation that defendant be treated for drug addiction, defendant appealed.

State v. Wooten

*Attorney General Robert Morgan by William F. O'Connell, Assistant Attorney General, for the State.*

*George F. Taylor for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the admission of testimony by the nurse and treating physician, particularly their testimony with respect to the matchbox and its contents. She contends that the evidence was inadmissible (1) by virtue of G.S. 8-53 and (2) for the reason that it resulted from an illegal search and seizure.

[1] We consider first the evidence provided by the treating phyisican in the light of G.S. 8-53 which provides:

"No person, duly authorized to practice physic or surgery, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, that the court, either at the trial or prior thereto, may compel such disclosure, if in his opinion the same is necessary to a proper administration of justice."

The trial court ruled that "in the interest of justice that Doctor Nation be required to answer" the questions with regard to defendant whom he saw and treated on 28 October 1971 in the emergency room of the Wayne Memorial Hospital. We hold that the ruling of the trial court substantially complies with the proviso of the statute, rendering the evidence provided by the physician admissible as far as G.S. 8-53 is concerned.

[2] As to the evidence provided by the nurse, it has been held that G.S. 8-53 applies to nurses when they are assisting or acting under the direction of a physician or surgeon, if the physician or surgeon at the time is subject to the statute. *Sims v. Insurance Company*, 257 N.C. 32, 125 S.E. 2d 326 (1962); *State v. Bryant*, 5 N.C. App. 21, 167 S.E. 2d 841 (1969). The record reveals no finding by the trial court that the evidence provided by the nurse was necessary to a proper administration of justice. Assuming, *arguendo*, that the court erred in admitting the nurse's evidence without the finding set out in the proviso to the statute,

we hold that the error was not prejudicial since the physician provided substantially the same evidence.

Next, we consider the question whether the evidence provided by the treating physician and the nurse resulted from an illegal search and seizure and was, therefore, inadmissible.

It is well settled, in both state and federal courts, that evidence obtained by unreasonable search and seizure is inadmissible. *State v. Reams,* 277 N.C. 391, 178 S.E. 2d 65 (1970). But, what is a *search* that comes within this principle of law? In *State v. Reams, supra,* the court, quoting from C.J.S. said:

> "The term 'search,' as applied to searches and seizures, is an examination of a man's house or other buildings or premises, or of his person, with a view to the discovery of contraband or illicit or stolen property, or some evidence of guilt to be used in the prosecution of a criminal action for some crime or offense with which he is charged. As used in this connection the term implies some exploratory investigation, or an invasion and quest, a looking for or seeking out. * * * "

In *Duffield v. Peyton,* 209 Va. 178, 162 S.E. 2d 915, the Supreme Court of Appeals from Virginia said: " '* * * A search ordinarily implies a quest by an officer of the law, a prying into hidden places for that which is concealed.' *State v. Coolidge,* 106 N.H. 186, 191, 208 A. 2d 322, 326." In *State v. Colson,* 274 N.C. 295, 306, 163 S.E. 2d 376 (1968), the court said: "Evidence is not rendered incompetent under [G.S. 15-27] unless it was obtained (1) in the course of a search, (2) under conditions requiring a search warrant, and (3) without a legal search warrant."

[3] We hold that in the case at bar there was no "search" of defendant within the purview of G.S. 15-27 and Constitutional provisions forbidding unreasonable searches. Defendant was not undressed by, or at the direction of, a police officer. The purpose in undressing defendant was not to discover contraband or other illicit property or to obtain evidence to be used against her in the prosecution of a criminal action. On the contrary, she was undressed in order that a physician might determine the cause of her unconciousness and after determining the cause, administer treatment that would save her life. Finding heroin on her person was incidental to the examination.

We have carefully considered all assignments of error brought forward and argued in defendant's brief but finding them without merit, they are all overruled.

No error.

Judges MORRIS and PARKER concur.